AUTOMATIC WEAPONRY, INC., Plaintiff–Appellant,

v.

Charles M. FRIEDMAN and Mapother & Mapother, P.S.C., Defendants–Appellees.

No. 00–5474.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Rehearing Denied Dec. 21, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

SILER, Circuit Judge.

Plaintiff Automatic Weaponry, Inc. ("AWI") filed suit against defendants Charles M. Friedman and the law firm of Mapother & Mapother, P.S.C. ("Friedman"), alleging that the defendants negligently represented AWI as a bankruptcy creditor. The district court rendered summary judgment against AWI and denied AWI's subsequent motion to alter, amend or vacate that judgment. AWI appeals the grant of summary judgment and the

denial of its motion to alter, amend or vacate the judgment. We affirm.

## BACKGROUND

AWI is a dealer in automatic weapons. Michael M. Brown, a resident of Jefferson County, Kentucky, manufactured and sold automatic weapons. In November 1986, AWI entered into a written contract with Brown to purchase Uzi-type submachine guns. AWI, using a prior attorney, recorded a financing statement in Jefferson County, Kentucky, perfecting its security interest in the collateral. The financing statement included the clause that "the total amount of indebtedness secured by this transaction, under any contingency is $200,000." Brown breached the contract and in March 1990, AWI and Brown entered into a settlement agreement which required Brown to pay AWI $741,325 and to deliver to AWI any other amended financing statements necessary to perfect AWI's security interest in the collateral. After Brown failed to complete the amended financing statements or make the required payments, AWI obtained a final judgment against Brown for $741,325 plus post-judgment interest.

In July 1990, AWI recorded a notice of judgment lien against Brown. Before AWI could successfully levy a writ of execution, Brown filed a voluntary petition for Chapter 11 bankruptcy (*Brown I*). At that time, AWI employed Friedman and his law firm as additional counsel in connection with this bankruptcy. In early August 1990, the bankruptcy court dismissed Brown's petition, which was immediately followed by a second voluntary petition filed on August 23, 1990 (*Brown II*). Friedman filed a claim in *Brown II* on behalf of AWI as a secured creditor to the extent of its 1990 state court judgment.

* The Honorable James L. Graham, United States District Judge for the Southern District

of Ohio, sitting by designation.

In April 1991, Brown commenced an adversary proceeding, ancillary to *Brown II,* to subordinate AWI's secured claim or to obtain a declaration that it was invalid, unsecured, or only partially secured. Brown argued that the $200,000 clause in the 1986 financing statement limited the amount secured to $200,000. Friedman responded with a cross-motion for summary judgment, asserting that AWI was fully secured to the limit of its judgment and that the $200,000 clause was a peculiarity of Tennessee law (where the documents were drafted) relating to the tax levied on financing statements. Thereafter, Bankruptcy Judge Roberts held that AWI's secured claim was limited to $200,000. Following Friedman's advice, AWI did not appeal.

On October 22, 1992, the bankruptcy court dismissed *Brown II* for failure to obtain confirmation for a plan of reorganization. On October 30, after Friedman delivered three writs of execution to the Jefferson County sheriff, the sheriff seized various Uzi receivers and gun components. A sheriff's sale was set for December 16, 1992, but was stayed when Brown appealed the dismissal of *Brown II* and a continuance of the automatic stay was granted. At the same time, as *Brown II* proceeded toward resolution, AWI and Friedman concluded that a Chapter 7 liquidation could best resolve the dispute with Brown. On November 25, 1992, Friedman filed a petition under 11 U.S.C. § 303 for an involuntary Chapter 7 liquidation (*Brown III* ), which resulted in the imposition of an automatic stay.

Friedman and his law firm withdrew from representation in May 1994. A trustee sale was held on August 24, 1995. AWI did not bid on the submachine gun receivers. In October 1995, the bankruptcy judge authorized a payment of $122,500 from the sale proceeds to AWI.

Later, AWI filed suit against Friedman alleging that the defendants had committed legal malpractice in representing AWI as a secured creditor. The district court rendered summary judgment against AWI and denied AWI's subsequent motion to alter, amend or vacate that judgment.

## STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment and its subsequent order denying plaintiff's motion to alter or amend the judgment using the same standards applied by the district court. *See Smith v. Wal–Mart Stores, Inc.,* 167 F.3d 286, 289 (6th Cir.1999).

## DISCUSSION

On appeal AWI asserts that the district court erred when it confused the undisputed facts [1] and held as a matter of law that the defendants did not commit malpractice. "Under Kentucky law, the plaintiff in a legal malpractice action must show: 1) that a duty of care exists arising out of a lawyer-client relationship; 2) that the lawyer neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and 3) that the lawyer's negligence resulted in, and substantially contributed to, the plaintiff's injuries." *McKay v. Dudley,* 35 F.3d 566, 1994 WL 478716, at *3 (6th Cir. Sept. 2, 1994) (unpublished table opinion) (internal quotation marks and citation omitted). We find that AWI was not harmed by any of Friedman's actions or inactions and, therefore, its malpractice claim must fail.

---

1. The district court did not confuse the undisputed facts. In its opinion, the district court inadvertently referred to the financing statement as the security agreement throughout its legal analysis. This error by the district court, however, did not alter the sound reasoning behind the opinion's conclusion.

AWI argues that Friedman acted negligently by failing to provide Judge Roberts with facts explaining the parties' intent in including the $200,000 clause in the financing statement and by advising AWI not to appeal. Judge Roberts explained in his opinion that the language in the financing statement is unambiguous, which entitled AWI to a secured interest of only $200,000. In coming to this conclusion, Judge Roberts rejected the minority view supported only by *Genn v. CIT Corp.,* 40 Md.App. 516, 392 A.2d 1135, 1140 (Md.Ct. Spec.App.1978) (holding that creditor's security interest was not limited to amount in financing statement), and followed the majority of courts which limit the secured interest of a party to the unambiguous amount stated in the financing statement. *See, e.g., In re Ken Gardner Ford Sales, Inc.,* 10 B.R. 632, 635 (Bankr.E.D.Tenn. 1981). Therefore, since Judge Roberts's decision did not turn on the intent of the parties in drafting the financing statement, AWI cannot prove that additional evidence on this subject would have at all changed the court's conclusion or that an appeal would have been successful.

Second, AWI asserts that Friedman was negligent in failing to assert a counterclaim in the adversary proceeding to compel Brown to execute an amended financing statement. A postpetition amendment to the financing statement increasing AWI's perfected security interest from $200,000 to $875,000 would have entailed the perfection or enforcement of a claim that arose before Brown's bankruptcy petition and would have been a violation of the automatic stay. *See* 11 U.S.C. § 362(a)(4), (5). In addition, this postpetition enhancement of AWI's perfected security interest would have constituted a transfer and voidable preference under § 547. *See* 11 U.S.C. § 547(b)(1)-(5). Friedman's failure to assert this futile counterclaim did not cause harm to AWI.

Finally, AWI argues that Friedman caused it financial harm by forcing Brown into an involuntary Chapter 7 when AWI was secured only to the extent of $200,000, rather than waiting until AWI's judicial lien was perfected and unavoidable ninety days after the sheriff's seizure in October 1992, allowing AWI to bid in its lien which had now risen to an amount over one million dollars. The receivers were sold by the trustee in August 1995 for an amount less than $200,000. Even if AWI had a one million dollar claim to bid in, it appears that it would have purchased submachine gun receivers worth far less than even its $200,000 claim, which it chose not to bid in. Therefore, AWI cannot prove that the filing of the involuntary bankruptcy petition caused it any harm.

AFFIRMED.